U.S. DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Case No. 3:19-cv-03083-TKW-EMT

NEW HOPE BAPTIST CHURCH,

   Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

   Defendant.

_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL OF SCOTTSDALE INSURANCE COMPANY

Defendant, SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE"), hereby serves this Answer, Defense, Affirmative Defenses, and Demand for Jury Trial in response to the Complaint of PLAINTIFF NEW HOPE BAPTIST CHURCH ("Plaintiff"), stating as follows:

### ANSWER

### Parties, Jurisdiction and Venue

1.      Admitted that Plaintiff seeks damages in excess of Fifteen-Thousand Dollars ($15,000.00); denied that Plaintiff has set forth any Declaratory Judgment Action.

2.      Denied, as phrased, and noted that New Hope Baptist Church is the Named Insured under the Commercial Policy of Insurance that is the subject of this suit, but that the proper name of the Florida corporation that is qualified to do, and is doing, business in Bay County, Florida, is New Hope Missionary Baptist Church of Lynn Haven, Florida, Inc.

3.    Denied, in that SCOTTSDALE is an Ohio corporation with its principal of business in Arizona; however, admitted that SCOTTSDALE is authorized to do business, and does business, throughout the State of Florida.

4.    SCOTTSDALE is without knowledge of the location at which the Commercial Policy of Insurance that is the subject of this lawsuit was "executed," and this allegation is, therefore, denied; it is noted that venue is proper in the Pensacola Division of the United States District Court for the Northern District of Florida.

5.    Denied, in that Plaintiff has failed to provide to SCOTTSDALE information and/or material supportive of covered damages in addition to those for which SCOTTSDALE has already extended coverage and tendered benefits, in accordance with the subject Commercial Policy of Insurance.

## General Allegations

6.    Admitted that SCOTTSDALE issued to New Hope Baptist Church Commercial Policy of Insurance Number CPS3003671, with Effective Dates of November 16, 2017 to November 16, 2018, a copy of which appears to be attached at Exhibit "A" to Plaintiff's Complaint.

7.    Admitted.

8.    Denied, as phrased, though noted that the subject Commercial Policy of Insurance insures premises at addresses 1401 Iowa Avenue, Lynn Haven, FL 32444 and 705 14th Street, Lynn Haven, FL 32444, subject to terms, conditions and limitations of the Policy.

9.    Admitted, subject to terms and conditions of the Commercial Policy of Insurance.

10.     Admitted.

11.     Admitted that SCOTTSDALE, in accordance with its investigation of Plaintiff's Claim underlying this suit, determined that a covered loss was sustained to property of Plaintiff at address 1401 Iowa Avenue, Lynn Haven, FL 32444, and accordingly, and pursuant to terms and conditions of the subject Commercial Policy of Insurance, SCOTTSDALE tendered payment(s) to Plaintiff.

12.     Denied.

13.     Allegations set forth at Paragraph 13 are denied.

14.     Denied.

15.     Denied.

## Count I – Breach of Contract

16.     SCOTTSDALE re-alleges and incorporates herein Responses set forth at Paragraphs 1 through 15, above, as though the Responses were repeated here verbatim.

17.     Admitted, subject to terms and conditions of the subject Commercial Policy of Insurance.

18.     Admitted that Plaintiff has paid premiums due and owing under the subject Commercial Policy; to the extent that other allegations, express or implied, are set forth at Paragraph 18, they are denied.

19.     Admitted, subject to terms and conditions of the Commercial Policy.

20.     Allegations set forth at Paragraph 20 are denied.

21.     Denied.

To the extent that any allegations are set forth at the WHEREFORE Paragraph, those allegations are denied.

## Defense

22.     SCOTTSDALE extended coverage, and tendered benefits, to Plaintiff in connection with the Claim underlying Plaintiff's suit, in accordance with Scottsdale's investigation of the Claim, which investigation encompassed, in part, inspections of property at address 1401 Iowa Avenue, Lynn Haven, FL 32444 on dates October 23, 2018 and November 6, 2018, and pursuant to terms and conditions of the subject Commercial Policy. There is no breach of contract.

## Affirmative Defenses

## First Affirmative Defense

23.     In connection with Plaintiff's Claim underlying this suit, Plaintiff submitted to SCOTTSDALE an estimate of repair costs, which estimate contemplates repair and/or replacement of various items not covered by the subject Commercial Policy of Insurance. To the extent that Plaintiff seeks to recover in this case for damage to property not scheduled in, or otherwise covered by, the subject Commercial Policy of Insurance, including, but not limited to, a fence, a shed, a carport, a bell house, trees, and personal property contained within the parsonage (as opposed to the church) on the property, Plaintiff's recovery is precluded under the subject Commercial Policy of Insurance, in accordance with, in part, the following Policy terms:

    **A.**    **Coverage**

        **We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.**

1.      **Covered Property**

**Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1., and limited in A.2. Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.**

     a.      **Building, meaning the building or structure described in the Declarations, including:**

        (1)      **Completed additions;**

        (2)      **Fixtures, including outdoor fixtures;**

        (3)      **Permanently installed:**

            (a)      **Machinery; and**

            (b)      **Equipment;**

        (4)      **Personal property owned by you that is used to maintain or service the building or structure or its premises, including:**

            (a)      **Fire-extinguishing equipment;**

            (b)      **Outdoor furniture;**

            (c)      **Floor coverings; and**

            (d)      **Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;**

        (5)      **If not covered by other insurance:**

            (a)      **Additions under construction, alterations and repairs to the building or structure;**

            (b)      **Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the building or structure.**

     b.      **Your Business Personal Property consists of the following property located in or on the building or structure described in the Declarations or in the open (or in a vehicle) within 100 feet of the building or structure or within 100 feet of the premises described in the Declarations, whichever distance is greater:**

        (1)      **Furniture and fixtures;**

        (2)      **Machinery and equipment;**

(3)     "Stock";

(4)     All other personal property owned by you and used in your business;

(5)     Labor, materials or services furnished or arranged by you on personal property of others;

(6)     Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:

    (a)     Made a part of the building or structure you occupy but do not own; and

    (b)     You acquired or made at your expense but cannot legally remove;

(7)     Leased personal property for which you have a contractual responsibility to insure, unless otherwise provided for under Personal Property Of Others.

**2.     Property Not Covered**

Covered Property does not include:

    q.     The following property while outside of buildings:

        (1)     Grain, hay, straw or other crops;

        (2)     Fences, radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, trees, shrubs or plants (other than trees, shrubs or plants which are "stock" or are part of a vegetated roof), all except as provided in the Coverage Extensions.

**3.     Covered Causes Of Loss**

See applicable Causes Of Loss form as shown in the Declarations.

**5.     Coverage Extensions**

Except as otherwise provided, the following Extensions apply to property located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises.

If a Coinsurance percentage of 80% or more, or a Value Reporting period symbol, is shown in the Declarations, you may extend the insurance provided by this Coverage Part as follows:

    e.     Outdoor Property

**You may extend the insurance provided by this Coverage Form to apply to your outdoor fences, radio and television antennas (including satellite dishes), trees, shrubs and plants (other than trees, shrubs or plants which are "stock" or are part of a vegetated roof), including debris removal expense, caused by or resulting from any of the following causes of loss if they are Covered Causes of Loss:**

> **(1)   Fire;**
>
> **(2)   Lightning;**
>
> **(3)   Explosion;**
>
> **(4)   Riot or Civil Commotion; or**
>
> **(5)   Aircraft.**

**The most we will pay for loss or damage under this Extension is $1,000, but not more than $250 for any one tree, shrub or plant. These limits apply to any one occurrence, regardless of the types or number of items lost or damaged in that occurrence.**

**Subject to all aforementioned terms and limitations of coverage, this Coverage Extension includes the expense of removing from the described premises the debris of trees, shrubs and plants which are the property of others, except in the situation in which you are a tenant and such property is owned by the landlord of the described premises.**

## Second Affirmative Defense

24.     In connection with Plaintiff's Claim underlying this suit, Plaintiff submitted to SCOTTSDALE an estimate of repair costs, which estimate contemplates repair and/or replacement of property determined by SCOTTSDALE not to have been damaged as a result of the reported October 10, 2018 date of loss. To the extent that Plaintiff seeks to recover in this case for damages not associated with underlying Claim Number 01855961 and/or not associated with the corresponding October 10, 2018 date of loss, Plaintiff's recovery is precluded.

## Third Affirmative Defense

25.     In connection with Plaintiff's Claim underlying this suit, Plaintiff submitted to SCOTTSDALE an estimate of repair costs, which estimate contains various duplications,

including, but not limited to, three (3) line items for temporary toilets. To the extent that Plaintiff seeks to recover duplicative damages, Plaintiff's recovery is barred.

**Fourth Affirmative Defense**

26.     Affirmatively, SCOTTSDALE alleges that, in the event of any recovery, it is entitled to set off the cost of any repairs due and owing by the amount of the deductible on the policy and if the amount of any covered loss is less than the applicable deductible, nothing will be due and owing.

**Fifth Affirmative Defense**

27.     Affirmatively, SCOTTSDALE alleges that, in the event of any recovery, SCOTTSDALE is entitled to a credit for any amount payable to any third party entitled to receive payment under the policy, including any insured, mortgagee or third party, to the extent any payment is made to said insured, mortgagee or third party, subject to the terms and conditions of the policy.

**Sixth Affirmative Defense**

28.     Affirmatively, SCOTTSDALE alleges that, in the event of any recovery, it is entitled to a set off for any amount that is payable through any other source, including, but not limited to, other insurance available to the PLAINTIFF.

**Seventh Affirmative Defense**

29.     Affirmatively, SCOTTSDALE alleges that, to the extent there is damage to the subject property not caused by covered causes of loss and/or caused by events or occurrences that are either not covered under the policy or are excluded from coverage, SCOTTSDALE is not responsible to issue payment to repair or replace such damage.

**Eighth Affirmative Defense**

30.     Affirmatively, SCOTTSDALE alleges that it cannot be liable for any amounts in excess of the stated limit(s) under the policy.

**DEMAND FOR JURY TRIAL**

31.     SCOTTSDALE hereby demands trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of August, 2019, a true and correct copy of the foregoing was electronically filed *via* the CM/ECF Portal in the Northern District of Florida – Pensacola Division, which will generate a notice of filing to Plaintiff's counsel Joanna Alemany, Esq., Marin, Eljaiek, Lopez & Martinez, P.L., Mellaw2@mellawyers.com.

/s/Andrew P. Rock
Andrew P. Rock, Esquire
Florida Bar No. 0656437
**The Rock Law Group, P.A.**
1760 Fennell Street
Maitland, FL 32751
Telephone: (407) 647-9881
Telecopier: (407) 647-9966
pleadings@rocklawpa.com
arock@rocklawpa.com
jyoung@rocklawpa.com
dnelson@rocklawpa.com
jandrade@rocklawpa.com
*Attorneys for Scottsdale.*